UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

IN RE:

GO AND GO M.D. P.A.,

    Debtor,

_____/

NICOLE TESTA MEHDIPOUR,
Chapter 7 Trustee,

    Plaintiff,

vs.

AL HENDRICKSON JR.
ENTERPRISES INC.,

    Defendant.

_____/

Case No: 13-14292 PGH

Chapter 7

Adversary Proc. No. 15-01364 PGH

### DEFENDANT AL HENDRICKSON JR. ENTERPRISES INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO ADVERSARY COMPLAINT

COMES NOW, the Defendant AL HENDRICKSON JR. ENTERPRISES INC., (hereinafter "HENDRICKSON") by and through its counsel undersigned as for its Answer and Affirmative Defenses to the Adversary Complaint to Avoid Fraudulent transfers and to Recover Property Transferred, states as follows:

### JURISDICTION

1. Defendant HENDRICKSON admits the allegations of paragraph 1 for jurisdictional purposes only. In so admitting, Defendant HENDRICKSON denies that any alleged

transfer was "fraudulent" or voidable pursuant to the statutes and Code sections alleged.

2. Admitted.

## PARTIES AND PROCEDURAL BACKGROUND

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Denied.

9. Without knowledge and therefore denied and Defendant HENDRICKSON demands strict proof thereof.

## COUNT I – AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO SECTION 548(a)(1)(A) OF THE BANKRUPTCY CODE

10. Defendant HENDRICKSON adopts and realleges its responses to paragraphs 1 through 9 above as if fully set forth herein.

11. Admitted.

12. Denied.

## COUNT II – AVOIDANCE OF FRAUDULENT TRANSFERS PURUSUANT TO SECTION 548 (a)(1)(B) OF THE BANKRUPTCY CODE

13. Defendant HENDRICKSON adopts and realleges its responses to paragraphs 1 through 9 above as if fully set forth herein.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

## COUNT III – AVOIDANCE OF FRAUDULENT TRANSFERS PURUSUANT TO SECTION 544 OF THE BANKRUPTCY CODE AND SECTION 726.105(1)(a) OF THE FLORIDA STATUTES

18. Defendant HENDRICKSON adopts and realleges its responses to paragraphs 1 through 9 above as if fully set forth herein.

19. Admitted.

20. Denied.

21. Defendant HENDRICKSON is without knowledge of the allegations of this paragraph and therefore denies same and demands strict proof thereof.

22. Denied.

## COUNT IV – AVOIDANCE OF FRAUDULENT TRANSFERS PURUSUANT TO SECTION 544 OF THE BANKRUPTCY CODE AND SECTION 726.105(1)(B) OF THE FLORIDA STATUTES

23. Defendant HENDRICKSON adopts and realleges its responses to paragraphs 1 through 9 above as if fully set forth herein.

24. Admitted.

25. Denied.

26. Defendant HENDRICKSON is without knowledge of the allegations of this paragraph and therefore denies same and demands strict proof thereof.

27. Defendant HENDRICKSON is without knowledge of the allegations of this paragraph and therefore denies same and demands strict proof thereof.

28. Defendant HENDRICKSON is without knowledge of the allegations of this paragraph and therefore denies same and demands strict proof thereof.

## COUNT V – AVOIDANCE OF FRAUDULENT TRANSFERS PURUSUANT TO SECTION 544 OF THE BANKRUPTCY CODE AND SECTION 726.106(1)OF THE FLORIDA STATUTES

29. Defendant HENDRICKSON adopts and realleges its responses to paragraphs 1 through 9 above as if fully set forth herein.

30. Denied.

31. Defendant HENDRICKSON is without knowledge of the allegations of this paragraph and therefore denies same and demands strict proof thereof.

32. Defendant HENDRICKSON is without knowledge of the allegations of this paragraph and therefore denies same and demands strict proof thereof

## COUNT VI – RECOVERY OF PROPERTY PURSUANT TO SECTION 550 OF THE BANKRUPTCY CODE

33. Defendant HENDRICKSON adopts and realleges its responses to paragraphs 1 through 9 above as if fully set forth herein.

34. Denied.

## AFFIRMATIVE DEFENSES

As and for its first affirmative defense, Defendant HENDRICKSON would state that the alleged payment made by the Debtor were made and received in the ordinary course of Defendant's business and were received in good faith reliance upon the representations of the Debtor and/or Debtor's alter ego Jeanne Go MD.

As and for its second affirmative defense, Defendant HENDRICKSON would state that the alleged payments made by the Debtor were made and received in exchange for

fair value of goods furnished by Defendant to the Debtor and received by Debtor and used and provided value to the Debtor commensurate with the money paid.

As and for its third affirmative defense, Defendant HENDRICKSON would state that the alleged payments made by the Debtor to the Defendant were made by an alter ego of the Debtor, to wit – Jeanne Go MD and said alter ego received good and fair value in goods and services provided by Defendant to Debtor's alter ego Jeanne Go MD.

WHEREFORE, Defendant, Al Hendrickson Jr. Enterprises Inc. respectfully requests that this Complaint be dismissed in its entirety, together with such other and further relief as this Court may deem just and proper.

\*

\*

\*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 6, 2015, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all interested parties authorized to receive electronically Notices of Electronic Filing generated by CM/ECF.

Glen R. Goldsmith, Esq.
Fla. Bar No: 371874
**GOLDSMITH & ASSOCIATES, P.A**
9500 S. Dadeland Blvd., Suite 601
Miami, Florida 33156
Phone: 305-670-5500
**(To be admitted Pro Hac Vice)**

and

GAMBERG & ABRAMS
4651 Sheridan Street
Suite 200
Hollywood, Florida 33021
Telephone: (954) 981-4411
Facsimile: (954) 966-6259

BY: _____
JAY M. GAMBERG, ESQ.
Fla. Bar No: 178235
JARED L. GAMBERG, ESQ
Fla. Bar No. 302510
Jaygamberg@gamberglaw.com;
Jaredgamberg@gamberglaw.com;
Lbernstein@gamberglaw.com;